Judue Graham
delivered tbe opinion of the Court.
. It appears, from the facts agreed in this case, that Watts had purchased of McCauly and Patterson a lot-of ground in Smithland, and executed to them, in consideration thereof, three notes of $166 66|- each. One of these notes was assigned to Sanders, who brought suit thereon and obtained judgment. Actions at law were pending on the other notes. Watts filed his bill and obtained an injunction to stay Sanders from collecting his judgment at law., and to prevent the rendition of judgment on the other notes. Sanders, Mc-Cauly and Patterson were made defendauts to-the bill. The bill is not copied into this record, and the only ground of equity stated in the agreed facts is, that the wives of McCauly and Patterson had not united in the deed and relinquished' their right to dower. Upon ob- *373 taming the injunction, Watts, with the other defendants in this action as his sureties, executed a bond to Sanders, McCauly and Patterson, in the penalty of $1000, with condition that “if the said Watts shall prosecute said injunction with effect, or shall well and truly pay and satisfy unto the said Sanders the judgment aforesaid with interest and costs, and shall satisfy McCauly and Patterson their demand, &c., and also pay and satisfy said Sanders, McCauly and Patterson all costs, damages and charges which may be recovered by, awarded or adjudged to them, or either of them, in case said injunction be dismissed,” &c., “then,” &c.
On an injunction bondexecuted to several jointly as obligors, debt may be maintained in the name of all for an injury to either by failing to perform the condition: (1 Chit. 9-10.)
*373 During the pendency of the suit in chancery, Mrs. McCauly and Mrs. Patterson, in due form of law, relinquished their right to dower. The Court on hearing decreed that by the relinquishment of dower, Watts obtained all the relief sought for- by his bill, and then dismissed his bill, discharged the injunction without damages, and awarded costs to the complainant.
The action now before this Court by appeal, was instituted in the name of all the obligees, as plaintiffs, against the defendán ts, on the injunction bond, tore-cover the amount of Sanders’ judgment, the collection of which had thus been enjoined.
The first objection taken to the proceedings is, that as the action is brought only for the injury to Sanders, ■and the other plaintiffs have no interest in this suit, they are improperly united as co-plaintiffs with Sanders. They are joint and not joint and several obligees. The bond is made with them jointly and not severally. This action is in debt upon the bond and averring the non-payment of the penalty of the bond; sets out the condition, and specifies the failure of the ‘defendants to keep the condition. The action was properly brought in the name of all the joint obligees, although, in fact, only for the benefit of one: (1 Chitty, 9-10.)
The main question, however, is whether the facts show such a breach of the condition of the bond as will justify the maintenance of an action upon it. *374 It is urged that as Watts had grounds of equity and was bound to give security to avail himself of that equity, and by his suit obtained the relief sought, he did “prosecute his suit with effect,” and no recovery can be had on the injunction bond.
Where the condition of the injunction bond is to “prosecute the injunction with effect,” and ground relied on for the injunction is removed, after the filing of the hill and obtaining the injunction, and the chancellor decide that on that account the injunction is dissolved, it is “a prosecution ot the injunction with effect,” & there is no liability on the injunction bond.
*374 For the appellees it is argued that the stay procured by the injunction is an injury to the plaintiff; that no injunction can be made effectual without the execution of the bond, and that the dissolution or discharge of an injunction necessarily gives a right of action on the bond. The cases of Harrison vs Park, (1 J. J. Mar. 170,) and of Hunt vs Scobie, (6 B. Monroe, 472,) are strongly relied upon as conclusively sustaining the propriety of the judgment.
The first case differs from this in several particulars. There the injunction was dissolved with damages and costs against the complainant. Here no damages are assessed against the complainant, and costs are decreed in his favor.
In the second case, that of Hunt vs Scobie, the condition of the bond was this: “Now if the said Porter & Hunt, or either of them, shall well and truly pay the amount of the judgment aforesaid, together with all damages and costs that shall be awarded against them to the said Scobie, in case said injunction is dissolved, or bill dismissed, then,” &c. In that case the duty of the obligors to pay, depended solely upon, the dissolution of the injunction or dismissal of the bill, and in view of these stipulations, the Court said, “as the injunction was dissolved and the bill dismissed, the obligors were bound by the express terms of the bond and condition to pay the judgment enjoined, although the complainant in the bill may have been so far justified in resorting to a Court of Equity, as that no damages were decreed against him upon the dissolution of the injunction, and he recovered his costs in the chancery suit.”
In this case the obligation of the defendants to pay the judgment enjoined, is not made to turn upon the dissolution or perpetuation of the injunction, but on *375 the condition that Watts shall well and truly prosecute the injunction with effect. If he has done so, then surely he has complied with the conditions of his bond. Did he prosecute it with effect? To determine this question, we must look to the decree of the Court rendered on the hearing of the cause. After stating that during the pendency of the suit, Mrs. McCauly and Mrs. Patterson had duly relinquished their dower, (for the want of which relinquishmenttheinjunctionhad been granted,) the Court says that said, “ Watts has thereby obtained all the relief sought for by his bill.’’ Having obtained this relinquishment and thus perfected his title to the lot, it would have been very unjust to have retained the injunction any longer. The plaintiffs, at law, were then entitled to the privilege of pursuing their legal remedies to collect the sums due to them. The injunction was accordingly discharged; but' because it had been rightfully granted, and the causes for its obtention had been removed during the pendency of the suit, it was discharged without damages, and the defendants McCauly and Patterson were directed to pay the complainant his costs expended in the prosecution of his suit. He had in truth obtained all the relief he claimed to be due to him — the objects of his suit were accomplished. He had prosecuted the injunction with effect, and having done so, had performed the condition of his bond.
Grigsby for 'appellants; Dallam for appellees.
If this view of the facts and law of the case be correct, as we are satisfied it is, it follows that the Court, to whom the facts and law were submitted, ought to have rendered judgment for the defendants, and not having so done, but having given judgment for the plaintiffs, the judgment is erroneous. It is, therefore, reversed, and the cause is remanded with directions to set aside the judgment, and grant a new trial to defendants.